TYLER R. DOWDALL (SBN 258950)
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY (SBN 227713)
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone:  (424) 330-8580
            (424) 425-7486
Facsimile:  (315) 512-1465

*Attorneys for Defendant*
*Arizona Beverages USA, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KEDEDRA WATLER, Individually, and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARIZONA BEVERAGES USA, LLC, <br><br> Defendant. | Case No. 2:25-cv-06885-JFW-MAA <br><br> **DEFENDANT'S ANSWER TO COMPLAINT** <br><br> *Assigned to: Judge John F. Walter* <br> *Referred to: Magistrate Judge Maria A. Audero* <br><br> Complaint Filed: July 29, 2025 <br> Trial Date: None Set |

TARTER KRINSKY & DROGIN LLP
1880 CENTURY PARK EAST, SUITE 1104
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 / (424) 425-7486 • FACSIMILE (315) 512-1465

Defendant Arizona Beverages USA, LLC. ("Defendant"), hereby answers the Complaint (ECF 1, "Complaint"), dated July 29, 2025, by Plaintiff Kededra Watler, Individually, and on behalf of all those similarly situated, as follows:

## INTRODUCTION

1. Defendant admits that Congress has enacted the Telephone Consumer Protection Act. Defendant denies the remaining allegations of paragraph "1" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

2. Defendant admits that Congress has enacted the Telephone Consumer Protection Act, which contains certain enumerated protections and penalties. Defendant denies the remaining allegations of paragraph "2" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

3. Defendant denies the allegations of paragraph "3" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

## NATURE OF THE ACTION

4. Defendant admits that the Complaint purports to be a putative class action; however, Defendant denies that the action has any legal merit or that class certification would be proper.

5. Defendant denies the allegations of paragraph "5" of the Complaint.

6. Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit.

## PARTIES

7. Defendant denies the allegations of paragraph "7" of the Complaint on the basis that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8. Defendant admits it is a New York limited liability company with a principal place of business located in Woodbury, New York.

9. Defendant denies the allegations of paragraph "9" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

## JURISDICTION AND VENUE

10. Defendant admits the Court has subject matter jurisdiction over this action.

11. Defendant admits that the Court has personal jurisdiction over it for this case because Defendant conducts business in Los Angeles. Defendant admits that venue is proper in this District. Defendant denies the remaining allegations of paragraph "11" of the Complaint.

## FACTS

12. Defendant admits that the Complaint purports to allege a claim under the TCPA; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

13. Defendant admits that the Complaint purports to allege a claim under the TCPA; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

14. Defendant admits that marketing messages were sent to Plaintiff following Plaintiff's voluntary agreement to receive such messages.

15. Defendant admits that marketing messages were sent to Plaintiff following Plaintiff's voluntary agreement to receive such messages.

16. Defendant admits that marketing messages were sent to Plaintiff following Plaintiff's voluntary agreement to receive such messages.

17. Defendant admits that marketing messages were sent to Plaintiff following Plaintiff's voluntary agreement to receive such messages.

18. Defendant denies the allegations of paragraph "18" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

19. Defendant denies the allegations of paragraph "19" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

20. Defendant admits that it has access to information regarding the transmission of marketing messages.

21. Defendant denies the allegations of paragraph "21" of the Complaint.

22. Defendant denies the allegations of paragraph "22" of the Complaint.

## CLASS ALLEGATIONS

23. Defendant denies the allegations of paragraph "23" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

24. Defendant denies the allegations of paragraph "24" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

25. Defendant denies the allegations of paragraph "25" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

26. Defendant denies the allegations of paragraph "26" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

27. Defendant denies the allegations of paragraph "27" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

28. Defendant denies the allegations of paragraph "28" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

29. Defendant denies the allegations of paragraph "29" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

30. Defendant denies the allegations of paragraph "30" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

31. Defendant denies the allegations of paragraph "31" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

32. Defendant denies the allegations of paragraph "32" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

33. Defendant denies the allegations of paragraph "33" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

## COUNT 1

## VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)(1)

### (Defendant)

34. Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "34" of the Complaint herein with the same force and effect as though set forth at length.

35. Defendant admits that the Complaint purports to allege a claim under the TCPA; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

36. Defendant admits that the Complaint purports to allege a claim under the TCPA; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

37. Defendant admits that the Complaint purports to allege a claim under the TCPA; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

38. Defendant denies the allegations of paragraph "38" of the Complaint.

39. Defendant denies the allegations of paragraph "39" of the Complaint.

40. Defendant denies the allegations of paragraph "40" of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

To the extent that any response is required to any of the paragraphs contained in the Complaint following the word "WHEREFORE" (on page 9 of the Complaint), Defendant denies that Plaintiff is entitled to any relief requested. To the extent that any statement in the prayer for relief is deemed factual, it is denied.

## AFFIRMATIVE DEFENSES

1. Defendant alleges the following separate and additional defenses and objections. By pleading these objections, Defendant does not, in any way, agree or concede it has the burden of proof or persuasion on any of these issues. Defendant reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2. The Complaint fails to allege facts sufficient to state a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Acquiescence, Waiver, Estoppel, Latches and/or Statute of Limitations)

3. The Complaint is barred, in whole or in part, by the doctrines of acquiescence, waiver, estoppel, laches, and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Specifically, Plaintiff is a serial litigant with a pattern and practice of filing TCPA actions in furtherance of extracting unmeritorious nuisance settlements.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

5. Plaintiff's claims are barred, in whole or in part, for lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

6. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on her behalf, consented to and acquiesced in the subject conduct by mutually agreeing to amend, modify, and not enforce the terms of the contracts referenced in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, if any, are barred for her failure, and/or the failure of the persons and/or entities acting on her behalf, to mitigate any purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (Justification/Excuse)

8. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

## EIGHTH AFFIRMATIVE DEFENSE

## (No Injury or Damage)

9. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

a. That Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of Defendant;

b. An award of all damages that Defendant has suffered as a result of Plaintiff's breach of contract;

c. That Defendant be awarded its reasonable attorneys' fees, costs and other expenses incurred in defense of this action; and

d. That the Court grant such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues triable.

DATED: December 16, 2025          TARTER KRINSKY & DROGIN LLP

By: */s/Tyler R. Dowdall*
Tyler R. Dowdall, (SBN. 258950)
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, (SBN 227713)
*rguidry@tarterkrinsky.com*
TARTER KRINSKY & DROGIN LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
(424) 425-7486
Facsimile: (315) 512-1465
*Attorneys for Defendant*
*Arizona Beverages USA, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

DATED: December 16, 2025

*/s/ Tyler R. Dowdall*
Tyler R. Dowdall